## UNIVERSAL RIM CO. v. MOTOR RIM & WHEEL CORPORATION.

Circuit Court of Appeals, Seventh Circuit. March 25, 1929.

No. 4011.

Arthur Wm. Nelson, of Chicago, Ill., for appellant.

Fred L. Chappell, of Kalamazoo, Mich., for appellee.

Before ALSCHULER, EVANS, and ANDERSON, Circuit Judges.

ALSCHULER, Circuit Judge. Appeal is from decree of the District Court dismiss—

ing, for want of equity, appellant's bill for infringement of claims 1, 2, 6, 8, and 9 of United States patent No. 1,095,775, issued to appellant, as assignee of Baker, May 5, 1914, for improvements in demountable wheel rims of the "bolted-on" type, for carrying inflated spare tires. The object of the invention is to facilitate the mounting and demounting of tires upon and from the rim. To this end an integrally- flanged rim is transsplit at one point so that the ends may be made to overlap sufficiently to permit the tire to be more readily removed from or placed into the grooved periphery of the rim. Means are also shown and claimed for holding the rim ends together when the rim is restored to circular form, and to prevent the rim from slipping on the felly as the wheel revolves.

Fig. 4 of the patent drawings shows the rim with mounted tire, separated from the felly of the wheel:

Fig. 4

A detachable connecting plate 43 is shown in place between the bottom of the tire and the outer surface of the rim. Studs 42 are made integral with the plate and pass through corresponding holes in the rim on each side of the split. The rim ends are thus held together against the contracting force exerted by the inflated tire, and expansion from the wedging action employed in bolting the rim on the felly. The studs 42 project sufficiently beyond the rim to fit into corresponding holes 41 in the felly. This positive engagement of rim and felly constitutes the "driving" feature claimed in the patent.

Claims 1, 2, 6, and 9 were in issue in Universal Rim Co. v. Firestone Tire & Rubber Co. (C. C. A.) 7 F.(2d) 24, where these claims are printed, and are hereby referred to. Claim 8 is substantially like claims 2 and

6, wherein the driving element of the connecting plate is featured.

It was a crowded field wherein Baker wrought. Demountable rims were old and numerous; so also the "bolted-on" variety. There were also transsplit rims. Baker himself, together with Hawley, procured a prior patent, No. 915,954 (March 23, 1909) which showed an integrally flanged split rim with a tongue or plate fastened to one rim end and crossing the split. When on the wheel that rim engaged several small burrs on the felly and was thus more or less positively driven.

French patent No. 404,452, to Bouquillon (1909), which the District Court properly found to be prior art, showed an integrally flanged split rim, but without specific means for connecting the ends. That Bouquillon had in mind that in practice some means were to be provided for connecting the ends is clear from the repeated statement in his specification that the rim ends "may be held end to end by any suitable means."

Whatever of novelty there was in the driving means shown in the patent in question is not present in appellee's structure. Its driving means consists not in the studs of a connecting plate, but in the lugs and bolts whereby the rim is firmly and immovably bolted to the wheel.

Nor does appellee's structure have the detachable connecting plate which the patent describes, but it has a short metal strip riveted to one rim end, on its inner face, and extending across the split and attached to the other rim end by a screw. While broadly this is "a plate extending across said split and positively and non-adjustably but detachably connecting the ends of the rim," as described in claim 1, and is "means on said ends positively but detachably connecting the same to render the rim inexpansible by the bolting-on devices," as stated in claim 9, yet with the limitations upon these claims necessary to rescue them from invalidity under the prior art because of their inclusiveness, appellee's structure does not infringe.

The opinion in the Firestone Case, supra, where the structure in issue more closely approximated the patent than that here involved, obviates the need of more detailed discussion.

We are in accord with the conclusion of the District Court that appellee's structure does not infringe, and its decree dismissing the bill for want of equity is affirmed.